IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ANEKA MYRICK,                          )
                                       )
            Plaintiff,                 )
                                       )
     v.                                ) Civ. Action No. 12-731-GMS
                                       )
DISCOVER BANK,                         )
                                       )
            Defendant.                 )

## MEMORANDUM

## I. INTRODUCTION

The plaintiff Aneka Myrick ("Myrick"), who proceeds *pro se*, filed this lawsuit on June

11, 2012, alleging employment discrimination in violation of Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000e-5.  (D.I. 2.)  The court has jurisdiction pursuant to 28 U.S.C. § 1331.

Before the court is the defendant Discover Bank's ("Discover") motion to dismiss (D.I.

10) and motion to strike (D.I. 22).  Myrick has filed an amended complaint which has been

docketed as a motion for leave to file an amended complaint (D.I. 17).  For the reasons that

follow, the court will grant in part and deny in part the motion to dismiss, will deny without

prejudice the motion for leave to amend, and will deny the motion to strike.

## II. BACKGROUND

Myrick was terminated from her employment with Discover on April 1, 2011.  The

complaint states that Myrick filed a charge of discrimination with the Equal Employment

Opportunity Commission ("EEOC") on June 13, 2011.  The charge of discrimination appears to

have been filed with the Delaware Department of Labor ("DDOL") and is dated October 25,

2011.  Therein, Myrick claims sex discrimination (42 U.S.C. § 2000e-2(a)(2)), violations of the

Americans with Disabilities Act ("ADA") (42 U.S.C. 12101 *et seq.*), and pregnancy
discrimination (42 U.S.C. §§ 2000e(k)).  The charge of discrimination explains that Myrick was
absent from work from March 19, 2011 to April 1, 2011, due to complications associated with
her pregnancy.  Myrick had emailed her team leader on March 22, 2011 regarding her absence
from work.  Myrick received a letter dated March 30, 2011 from Donita Sing ("Sing"),
Discover's HR generalist, who advised Myrick that she was in violation of Discover's policy
because she had not contacted her manager directly or provided documentation to support her
absence since the March 22, 2011 email.  Sing further stated, "[f]ailure to comply may result in
your voluntary termination as a result of job abandonment."  Myrick responded by email the
same day and was told by her team leader, "as long as your doctor releases you to come back to
work, I will expect to see you tomorrow 3/31."  Myrick contacted her physician who drafted a
return to work note that indicated Myrick could return to work on March 31, 2011.  The letter
was faxed to Discover on March 30, 2011.

Myrick alleges that she could not return to work after April 1, 2011, because Discover
"had already packed up [her] desk on March 30, 2011, disabled her badge to get into the
building, cancelled her health insurance," and advised other employees that she had been
terminated.  Myrick alleges that she was advised that her employment was terminated on April 1,
2011, because she failed to directly and speak with the team leader.  The complaint alleges that
Myrick was terminated in violation of the ADA and the Consolidated Omnibus Budget
Reconciliation Act ("COBRA"), 29 U.S.C. § 1161.  In addition, the complaint alleges sex and
religious discrimination and the failure to offer Myrick leave without pay or short term disability.
(*See* D.I. 2, exs.; D.I. 3.)

On February 14, 2012, the EEOC advised Myrick that it had received the charge of discrimination and that it was sending a copy of the charge to the DDOL. The EEOC issued a right to sue letter on February 24, 2012, and it was received by Myrick on March 9, 2012. The complaint was mailed from Stone Mountain, Georgia, on June 7, 2012, and received by the Clerk of Court on June 11, 2012. The complaint was entered on the court docket on June 12, 2012, with a filing date of June 11, 2012. (D.I. 2.)

Discover moves for dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the complaint fails to state a claim upon which relief may granted, the claims are time-barred, and Myrick has failed to exhaust her administrative remedies.

## III. STANDARDS OF REVIEW

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Myrick proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-

3

pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Myrick has a "plausible claim for relief." *Id.* at 211; *see also Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. In other words, the complaint must do more than allege Myrick's entitlement to relief; rather, it must "show" such an entitlement with its facts. A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. In making this determination, the court may look to the allegations made in the complaint, the exhibits attached to the complaint, and any documents whose authenticity no party questions and whose contents are alleged in the complaint. *Pryor v. National Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). Documents attached to a defendant's Rule 12(b)(6) motion to dismiss may only be considered if they are referred to in the

4

plaintiff's complaint and if they are central to the plaintiff's claims. *Id.* "Courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient" unless amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 114 (3d Cir. 202).

## IV. DISCUSSION

### A. Title VII

Discover moves for dismissal of the Title VII sex and pregnancy discrimination claims and the ADA claim on the grounds that more than ninety days passed from Myrick's receipt of the right to sue letter and the filing of the complaint and, hence, Myrick is time-barred from raising these claims. Myrick responds that the complaint was timely filed. Discover moves for dismissal of religious discrimination claim on the grounds that Myrick failed to exhaust her administrative remedies. Myrick responds that her allegations are sufficient to state a claim of discrimination based upon religion.[1]  (D.I. 16, 20.)

### 1. Exhaustion

The court turns first to the issue of religious discrimination.  In the instant case, Myrick filed a charge of discrimination asserting sex, disability, and pregnancy discrimination.  There is no mention of religious discrimination in the charge of discrimination.

A plaintiff may not file a Title VII or ADA suit in federal court without first exhausting all avenues for redress at the administrative level, pursuant to 42 U.S.C. § 2000e-16(c).[2]  *See*

---

[1]Myrick filed a sur-reply (D.I. 20) and Discover moves to strike the pleading (D.I. 22.) The court will deny the motion given Myrick's pro se status.

[2]The ADA adopts the enforcement procedures of Title VII of the Civil Rights Act of 194. 42 U.S.C. § 12117.

*Francis v. Mineta,* 505 F.3d 266, 272 (3d Cir. 2007). This prerequisite, akin to a statute of

limitations, mandates dismissal of the Title VII claim if a plaintiff files the claim before receiving

a right to sue notice. *See Story v. Mechling*, 214 F. App'x 161, 163 (3d Cir. 2007) (unpublished)

(plaintiff may not proceed with Title VII claim because he neither received a right to sue letter

nor submitted evidence indicating that he requested a right to sue letter); *Burgh v. Borough*

*Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). Generally, "if the

allegations in the administrative complaint could be 'reasonably expected to grow out of' those

made in the EEOC charge . . . the administrative remedies available to plaintiff will have been

exhausted." *Schouten v. CSX Transp.*, Inc., 58 F. Supp. 2d 614, 616 (E.D. Pa. 1999); *see also*

*Webb v. City of Philadelphia*, 562 F.3d 256, 263 (3d Cir. 2009). Thus, "a district court may

assume jurisdiction over additional charges if they are reasonably within the scope of the

complainant's original charges and if a reasonable investigation by the EEOC would have

encompassed the new claims." *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3d

Cir. 1984). When a plaintiff fails to exhaust administrative remedies, a court should dismiss the

unexhausted claims. *Carter v. Midway Slots & Simulcast*, 894 F. Supp. 2d 529, 537 (D. Del.

2012).

      The court finds that Myrick's religious discrimination claim does not fall within the

scope of her EEOC charge. The narrative attached to the charge contains allegations of sex,

pregnancy, and disability discrimination, with no mention of any facts relating to the purported

religious discrimination. Myrick did not check the box for religious discrimination on the charge

of discrimination form, but she did check the boxes for sex, disability, and other (for pregnancy)

discrimination. In addition, the court finds that Myrick's claim of religious discrimination as set

6

forth in the complaint, could not reasonably be expected to grow out of the sex, disability, and/or pregnancy discrimination charges sufficient to place the EEOC or Discover on notice of the religious discrimination claim.

Myrick failed to exhaust the religious discrimination claim. Accordingly, the court will grant Discover's motion to dismiss the claim.

### 2. Ninety Days to File

The court next turns to the issue of whether the exhausted sex, pregnancy, and disability discrimination claims were timely filed in this court. The administrative prerequisites as provided in 42 U.S.C. § 2000e-5, require a plaintiff to first lodge a complaint with either the EEOC or the equivalent state agency responsible for investigating claims of employment discrimination, in Delaware the DDOL. *See* 42 U.S.C. § 2000e-5(e). If the EEOC or equivalent state agency determines not to pursue a plaintiff's claims and issues a right-to-sue letter, only then may a plaintiff file suit in court. *See* 42 U.S.C. § 2000e-5(f)(1). Title VII provides that a complainant has ninety days from the receipt of an EEOC right to sue letter to file an action in court. *See* 42 U.S.C. § 2000e-5(f)(1); *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999).

The EEOC issued a right to sue notice on February 24, 2012, received by Myrick on March 9, 2012. Hence, using March 9, 2012 (the date Myrick received the right to sue notice), Myrick had until Thursday, June 7, 2012 to file her complaint. The instant complaint was not filed until June 11, 2012, a few days past the ninety day limit. Myrick argues, however, that the complaint is timely filed because she sent it by priority mail on June 7, 2012, with delivery confirmation, which proves the complaint was timely filed. The envelope and Myrick's

7

complaint contain a June 7, 2012 postmark indicating that is the day the complaint was mailed. The complaint was received by the Clerk of Court on June 11, 2012 and is file-stamped with that date.

Myrick's reliance upon the June 7, 2012 postmark date is unavailing. This is not a prisoner case and, therefore, the exceptions to timing requirements as set forth in the "prison mailbox rule" are inapplicable. *See Kareem v. F.D.I.C.*, 482 F. App'x 594, 595 (D.C. Cir. 2012) (unpublished) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) and *Houston v. Lack*, 487 U.S. 266 (1988)). *See also* Fed. R. Civ. P. 5(d)(2) (a paper is filed by "delivering it" to the Clerk).

Nor is Myrick's untimely filing saved by equitable tolling as she claims in her sur-reply. (*See* D.I. 20.) In Title VII cases, equitable tolling has been found appropriate when: (1) a claimant received inadequate notice of her right to file suit; (2) where a motion for appointment of counsel is pending; (3) where the court has misled the plaintiff into believing that she had done everything required of her; (4) when plaintiff "in some extraordinary way" was prevented from asserting her rights; or (5) when the plaintiff timely asserted her rights in the wrong forum. *See Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d at 240. Although the doctrine of equitable tolling allows a court to stop the limitations period from running after a claim has accrued, both the Supreme Court and the United States Court of Appeals for the Third Circuit have recognized that the doctrine should be applied "only sparingly." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see also Podobnik v. United States Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005). Myrick has the burden to prove that the equitable tolling doctrine applies. *Podobnik*, 409 F.3d at 591.

Myrick asserts that equitable tolling applies because, prior to filing the complaint, she unsuccessfully attempted to retain counsel on numerous occasions. In turn, this cause her undue mental anguish, severe depression, and the feeling of not being able to have her day in court. As a last resort, Myrick filed the complaint pro se and asked the court to waive the filing fee. Myrick assumed that, because she was granted in forma pauperis status, the complaint was timely filed. She argues that the foregoing shows that she exercised due diligence in filing the complaint.

Myrick has not met her burden to prove that equitable tolling applies. Myrick unsuccessfully sought counsel prior to the time she filed her complaint and, hence, there was no pending request for counsel before the court. The fact that the court granted Myrick in forma pauperis status did not, in any way, mislead her about the status of the case. Nor were the letters Myrick received from the EEOC misleading and the EEOC notice of right to sue was not inadequate. The record before the court does not indicate that Myrick was prevented from asserting her rights. Finally, Myrick did not assert her rights in the wrong forum.

Myrick did not timely file her Title VII and ADA claims. That failure is not excused by equitable tolling. Therefore, the court will grant the motion to dismiss the Title VII and ADA claims.[3]

### B. COBRA

The complaint (which incorporates the Charge of Discrimination) alleges that Discover failed to mail Myrick the proper forms so that she could continue medical coverage under

---

[3]Because the Title VII and ADA claims have been dismissed for failure to exhaust and as time-barred, the court sees no need to address the other grounds for dismissal raised by Discover. (*See* D.I. 11, ¶¶ III. A, B, C.)

COBRA. Discover moves for dismissal on the grounds that it mailed Myrick "an entire package regarding COBRA following her termination, on April 7, 2011, as required." (D.I. 11 at 13.)

Discover asks the court to consider matters outside the pleadings and, in its discretion, convert the motion to dismiss into a motion for summary judgment. The court declines the invitation. The Federal Rules of Civil Procedure provide that when a motion to dismiss is filed pursuant to Rule 12(b)(6) and matters outside the pleadings are presented to and not excluded by the court, the matter shall be treated as one for summary judgment and disposed of as provided in Fed. R. Civ. P. 56. Fed. R. Civ. P. 12(d). The Court will not consider the exhibits submitted by Discover and will treat its motion as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b).

The court finds that the complaint adequately alleges a COBRA claim and survives a Rule 12(b)(6) challenge. Therefore, the court will deny the motion to dismiss the COBRA claim.

## C. Amendment

Myrick filed a first amended complaint on January 25, 2013, without seeking leave to amend as is required by the Federal Rules of Civil Procedure. The court considers the filing as a motion for leave to amend.

The proposed amended complaint does not comply with the local rules of this court. Pursuant to D. Del. LR 15.1(b) when seeking to amend, the proposed amended pleading shall indicate in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added. New language is not underscored and there are no strikes through proposed deleted material. Therefore, the court will deny without prejudice the motion for leave to amend (D.I. 17). The court will consider a renewed motion to amend upon Myrick's compliance with the local rules of this court.

## V.  CONCLUSION

For the above reasons, the court will:  (1) grant in part and deny in part Discover's motion

to dismiss (D.I. 10); (2) deny without prejudice Myrick's motion for leave to amend (D.I. 17);

and (3) deny Discover's motion to strike (D.I. 22).  The case proceeds solely on the COBRA

claim, all other claims having been dismissed.

An appropriate order will be issued.

CHIEF, UNITED STATES DISTRICT JUDGE

July 15, 2013
Wilmington, Delaware

11